UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COOK CHILDREN'S MEDICAL CENTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:03-CV-1645-B |
| | § | |
| SAV-ON, LTD, et al. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is the Motion of the Plaintiff, Cook Children's Medical Center ("CCMC"), to Alter and Amend the Court's July 29, 2005 Memorandum Order (doc. 29), filed August 11, 2005 (doc. 30) ("Motion for Reconsideration"). Having reviewed the pleadings and evidence on file, the Court DENIES CCMC's motion for reconsideration for the reasons that follow.

### I. Background Facts[1]

The Court issued a Memorandum Order on July 29, 2005 Denying the Plaintiff's motion for summary judgment in its entirety and granting the motion of the Defendant for summary judgment on the Plaintiff's claims against it in its entirety. (doc. 29). CCMC has filed the instant motion for reconsideration, arguing that the Court's determination that Defendant Sav-On did not abuse its discretion in denying claims for treatment that CCMC rendered to Mary Jo Wright ("Mary Jo") after

---

[1] The facts are derived from the parties' pleadings and the evidence contained in the summary judgment record. Unless characterized as a contention by one of the parties, these facts are undisputed. The Court will review the factual determinations of the plan administrator for abuse of discretion, considering only the contents of the administrative record. *See Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 300 (5th Cir. 1999) (noting that the "procedural rules encourage parties to resolve their dispute at the administrator's level.").

after June 30, 2002. *See generally* (Memorandum Order). In its Order, the Court found that the Plan was properly amended to include a $100,000 calendar year maximum benefit limitation, and that because the benefit plan had already paid over that amount through that calendar year, it did not abuse its discretion in denying further payment. (*Id.*).

## II. Analysis

A district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration arising under Rule 59(e). *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990); *Pacific Breakwater West, Inc. v. Wellness Int'l Network, Ltd.*, 2000 WL 276812, at *1 (N.D.Tex. Mar. 9, 2000) (Fitzwater, J.). In its motion, CCMC provides an explanation, supported by an appended document entitled "Plan Sponsor Acceptance of Responsibility" dated January 24, 2003 to support its assertion that the Court's judgment is flawed because, it argues, the Plan was actually executed on January 24, 2003 in an attempt to "backdate" the adoption of the 2002 Plan to July 1, 2002. (Motion at 1).

The Court has previously rejected each of CCMC's arguments as to why Sav-On abused its discretion in denial of further benefits. The Court reviewed the appended document along with the entirety of both parties' evidence in making its summary judgment decision. As testified to by Sav-On's former President, Dennis George, the evidence establishes that the Plan was amended on July 1, 2002, and the Amendment document is signed and dated July 1, 2002, with an "effective date" of July 1, 2002. (Joint Appendix for Defendant's Motion for Summary Judgment at 37).

The Court agrees with Sav-On that the document cited by CCMC in its motion for reconsideration is not an amendment to the Plan, and rather appears to be an unauthenticated document produced by Sav-On which was apparently sent to the company by its claims

administrator, Administrative Concepts. For this reason, and the reasons stated in the Court's Memorandum Order of July 29, 2005, CCMC's motion for reconsideration is DENIED.

### III. Conclusion

For the reasons discussed, the Court DENIES CCMC's Motion for Reconsideration in its entirety.

**SO ORDERED.**

**SIGNED October 27th, 2005**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE